T.C. Memo. 1995-467


UNITED STATES TAX COURT


JOSEPH D. WILKINS AND MARY WILKINS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8129-93.                    Filed October 2, 1995.


Joseph D. Wilkins, pro se.

Jerome F. Warner, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183.  Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the

taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' 1988 Federal income tax in the amount of $9,748, and an addition to tax under section 6653(a)(1) in the amount of $487. This Court must decide: (1) Whether petitioners have substantiated deductions claimed on the Schedule C attached to their 1988 Federal income tax return in excess of the amounts allowed by respondent; and (2) whether petitioners are liable for an addition to tax for negligence under section 6653(a)(1).

Some of the facts in the case have been stipulated and are so found. Petitioners resided in Liverpool, New York, at the time they filed their petition.

For clarity and convenience, the findings of fact and opinion have been combined.

During 1988, petitioner Joseph D. Wilkins (petitioner) operated a sole proprietorship known as Golden Rule Furniture, which dealt in wholesale furniture. Petitioner claimed there was a "big loss" in 1988 because Golden Rule Furniture was a "part-time job". Petitioner operated the business out of his house, out of his basement, and out of his garage. He also testified

that 1988 was the final year Golden Rule Furniture was in existence.

Petitioner claimed the following expenses and deductions for Golden Rule Furniture on the Schedule C attached to petitioners' 1988 Federal joint tax return:  $35,240 for cost of goods sold; $5,493 for car and truck (auto expenses); $1,795 for utilities/telephone expenses; $710 for meals/entertainment expenses; $6,846 for freight expenses; and $1,979 for commissions.

Of the amounts claimed, respondent allowed $8,408 for cost of goods sold and $4,891 for auto expenses.  Respondent disallowed the remaining deductions due to lack of verification.

Petitioners have the burden to prove that respondent's determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Deductions are a matter of legislative grace.  A taxpayer seeking a deduction must be able to show that the taxpayer comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Respondent disallowed $26,832 of the amount claimed for cost of goods sold.  At trial, petitioners failed to introduce any evidence that they are entitled to a larger deduction than the amount allowed by respondent.  Indeed, petitioner admitted that "I don't have any evidence."  Consequently, petitioners have not met their burden of proof.  We sustain respondent on this issue.

Respondent disallowed $602 of petitioner's claimed automobile expenses. Again, petitioners failed to introduce any evidence that they are entitled to a larger deduction for automobile expenses than the amount allowed by respondent. We hold for respondent on this issue.

Petitioner deducted $1,795 for utilities/telephone expenses, $710 for meals/entertainment expenses, $6,846 for freight expenses, and $1,979 for commissions in 1988. Petitioners produced no evidence to substantiate their claimed expenditures. Consequently, we uphold respondent's determinations as to the disallowance of these expenses.

Respondent also determined that petitioners are liable for an addition to tax for negligence under section 6653(a)(1) for 1988. Section 6653(a)(1) provides for an addition to tax in the amount of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners have the burden of proof to show that any underpayment was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Based on this record, we find that petitioners are liable for the addition to tax for negligence for 1988.

To reflect the foregoing,

Decision will be entered

for respondent.